UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD L. HERNDON,<br><br>    Petitioner,<br><br>  v.<br><br>POLICE DEPARTMENT,<br><br>    Respondent. | No. 2:15-cv-2419 MCE KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has submitted a request to proceed in forma pauperis.

  Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

  The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" See Rule 4 Governing Section 2254 Cases.

////

The instant petition is unclear. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenges a state court conviction. Petitioner does not identify the date or case number of his conviction, but claims he was sentenced in San Rafael, California. (ECF No. 1 at 2.) As grounds for relief, petitioner lists four items, none of which are cognizable habeas corpus claims. (ECF No. 1 at 3.) In the supporting facts section, petitioner states that "the initial partial filing fee hasn't been paid." (Id.) Later, petitioner alleges he was "left to pay filing fees." (ECF No. 1 at 6.)

To the extent petitioner is attempting to challenge the imposition of filing fees in a prior civil rights action, petitioner may not bring such claims in a habeas proceeding. Petitions for writs of habeas corpus are limited to challenges to the fact or duration of a criminal conviction. But in any event, prisoners are now required to pay court filing fees pursuant to 28 U.S.C. §§ 1914(a), 1915(b)(1).

Petitioner was convicted in the Marin County Superior Court. People v. Herndon, 2003 WL 1904767 (Cal. Ct. Appeal April 21, 2003). If petitioner is attempting to challenge his 2003 conviction, he must file a petition for writ of habeas corpus in the Northern District of California. However, petitioner must first exhaust his state court remedies.

Petitioner is required to exhaust state court remedies before filing a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner filed a petition for writ of habeas corpus in the First Appellate District, Case No. A121464, which was denied on May 12, 2008. However, petitioner has not filed any proceeding in the California Supreme Court.[1] [2]

---

[1] The electronic dockets for the California Court of Appeal and the California Supreme Court. California Supreme Court were accessed through California Courts, <http://appellatecases.courtinfo.ca.gov>, visited January 27, 2016.

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period

To the extent petitioner is attempting to challenge proceedings in Sacramento County, his petition is also unavailing. Public records in the Sacramento Superior Court reflect that plaintiff has not yet been convicted in Case No. 12F00316.[3]

Finally, petitioner has filed multiple petitions for writ of habeas corpus in this court. At the present time, two such cases are currently pending: Herndon v. California, Case no. 2:15-cv-2191 WBS AC, and Herndon v. Department of Justice, Case No. 2:15-cv-2255 JAM KJN. On December 9, 2015, petitioner was granted leave to file an amended habeas petition in the latter case.

For all of the above reasons, the undersigned declines to recommend that petitioner be granted leave to file an amended petition for writ of habeas corpus because such amendment would be futile.

Accordingly, IT IS HEREBY ORDERED that petitioner is granted leave to proceed in forma pauperis; and

IT IS RECOMMENDED that the petition be dismissed without leave to amend and this action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

---

will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[3] Petitioner's criminal case records were accessed through the Sacramento County Superior Court's Public Case Access records, <https://services.saccourt.ca.gov/PublicCaseAccess>, accessed on January 27, 2016.

1 applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hern2419.114